IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CASEY CASTON                                                                                    PLAINTIFF

v.                                                                                       No. 4:12CV32-A-V

WARDEN JOANNE HARRIS, ET AL                                                        DEFENDANTS

## REPORT AND RECOMMENDATION

On June 4, 2012, plaintiff Casey Caston, an inmate in the custody of the /wcrcf with inmate number 3432-006, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

### Allegations

On February 21, 2012, the plaintiff, who was housed in Male Isolation B-8 at the Washington County Regional Correctional Facility, asked CO Harmon to take him to medical because he was in tremendous pain. Harmon answered, "You are the Sheriff's property." On February 23, 2012, Caston asked CO Allen to take him to medical, but Allen did not respond. On February 29, 2012, Caston asked CO Rhodes to take him to medical, but he did not respond. That same day, Caston asked CO Hayes to take him to medical. Hayes did not respond. Caston,

---

[1] 28 U.S.C. § 1915(g).

who had been moved to Male Isolation B-7, next asked CO Poindexter for medical attention, but he just closed the cell's tray flap. When Caston asked CO Bloomingbird for medical attention that same day, he said, "Suck my dick, partner." On March 14, 2012, Caston again asked CO Harmon for medical attention; Harmon replied, "My hands are tied." This pattern continued with CO Bloomingbird (March 14), CO Fowler (March 16), CO Curry (March 26), CO Freddy Jones (March 27), a general plea on the intercom (March 28).

Caston was again begging for help on the intercom on March 29, 2012. Officer Harmon answered and said, "That's not my department." Officer Bloomingbird then came by and said, "I'll check on it." He never did. By March 30, 2012, Caston was in excruciating pain and begged Officer Fowler to take him to medical. Fowler did nothing. When Caston complained to Officer Rhodes, he responded, "Good luck."

Finally (when blood was present in his cell as a result of the infection), someone took him to Family Medical in Greenville, Mississippi, where he was treated for a urinary tract infection.

**General Conditions of Confinement**

Caston has been confined in isolation continuously since February 8, 2012, with no phone calls, visits, or yard call, haircuts, shaving supplies, or cleaning supplies. Caston did, however, attempt to escape custody while confined at the facility.

He only receives toilet tissue and personal hygiene items in very small amounts about once per week. He has been confined under these conditions without any disciplinary proceeding, rule violation report, or process of any kind. His clothes and sheets have only been cleaned three times since his incarceration (about once per month).

**Retaliation**

On April 18, 2012, Officer Harmon threatened Caston, saying, "If you make it [out of isolation and into the] pod, you can't escape anymore nor get any other officers fired – because I've got something waiting for you." Harmon threatened Caston again, saying, "I'm gonna have inmates do something to you."

**Denial of Access to the Courts**

Caston believes that unknown corrections officers are preventing his legal mail from reaching him and the court. He gave "Terrance" the part of the *in forma pauperis* form that the jail account custodian must fill out and return to the court, but the custodian never received the form. Both the court and Caston's relatives have sent him prisoner complaint forms, but he received one only after several attempts. In addition, Chief Clayton will not permit Caston to make copies; he must, instead, have his family make copies for him.

**Excessive Force**

On May 1, 2012, Officer Bloomingbird sprayed Caston and his cell mate Parker Huddleston with pepper spray in Male Isolation B7. The spray got all over his clothes, cell, and bedding – even his dinner tray. Bloomingbird then shut the inmates in their cell, leaving them confined choking on the pepper fumes. Caston had an asthma attack and asked Bloomingbird for help. Bloomingbird responded, "Write your bitch-ass mom and tell her about that." Then he started gathering other inmates to enter Caston's cell to beat him, though the beating never occurred. Caston never received medical treatment for the pepper spray or breathing trouble.

**Discussion**

**Witnesses Erroneously Listed as Defendants**

Mr. Caston has erroneously listed the following people as defendants, though he meant to include them only as witnesses: CO Fowler, CO Curry, CO Allen, CO Rhodes, and CO Poindexter. Given this mistake (a common one in prisoner cases), these defendants should be dismissed from this case.

**Retaliation**

The elements of a claim under a retaliation theory are the plaintiff's invocation of "a specific constitutional right," the defendant's intent to retaliate against the plaintiff for his or her exercise of that right, a retaliatory adverse act, and causation, *i.e.*, "but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995) (citations omitted ), *cert. denied*, 516 U.S. 1084, 116 S. Ct. 800, 133 L. Ed. 2d 747 (1996). In this case, Casey Caston must prove that he engaged in constitutionally protected activity, faced being sprayed with mace and threats (never carried out) of beatings – and that these actions were taken "in an effort to chill [his] access to the courts or to punish [him] for having brought suit." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1296 (5th Cir.), *cert. denied*, 513 U.S. 926, 115 S. Ct. 312, 130 L. Ed. 2d 275 (1994); *see also Serio v. Members of Louisiana State Board of Pardons*, 821 F.2d 1112, 1114 (5th Cir.1987). A prisoner must show more than his "personal belief that he is the victim of retaliation." *Edwards*, 51 F.3d at 580. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Caston does not meet the first element of retaliation, as escape from prison is not a constitutionally protected right. As such, his claim for retaliation should be dismissed for failure to state a claim upon which relief could be granted.

**General Conditions**

"[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). It is clear that prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

Caston's claims regarding placement in isolation and the relative scarcity of personal hygiene items do not rise to the level of a constitutional violation. His placement in isolation is a rational action based upon his attempt to escape. As to the claim regarding hygiene supplies, Caston has not alleged that he has suffered any harm; as such, this claim must be dismissed. Put simply, Caston not identified any "basic human need" which he was denied for an unreasonable period of time. *See Woods*, 51 F.3d at 581. Caston's claims regarding inhumane general conditions of confinement should be dismissed for failure to state a claim upon which relief could be granted.

**Denial of Access to the Courts**

Prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996), quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*,

510 U.S. 1123 (1994). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted).

However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992), citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). It is only when a prisoner suffers some sort of actual prejudice or detriment from denial of access to the courts that the allegation becomes one of constitutional magnitude. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). To prove his claim, a plaintiff must show real detriment – a true denial of access – such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970). Caston was eventually able to file the present case; as such, he has suffered no prejudice to his legal position. Therefore, his claim of denial of access to the courts should be dismissed for failure to state a constitutional claim.

For the reasons discussed above, Caston's claims for retaliation, general conditions of confinement, and denial of access to the courts should be dismissed for failure to state a claim upon which relief could be granted. In addition, the following defendants should be dismissed with prejudice from this case: CO Fowler, CO Curry, CO Allen, CO Rhodes, and CO

Poindexter.

However, Caston's allegations regarding denial of adequate medical care and excessive force state constitutional claims and will go forward. Process will issue by separate order for the remaining defendants regarding these claims.

**Handling of Objections, Acknowledgment of Receipt**

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 12th day of June, 2012.

/s/   Jane M. Virden
UNITED STATES MAGISTRATE JUDGE