**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CASEY J. CASTON**                                                      **PLAINTIFF**

**v.**                                     **No. 4:12CV32-A-V**

**WARDEN JOANNE HARRIS, ET AL.**                         **DEFENDANTS**

**MEMORANDUM OPINION**

Before the court is the motion of the plaintiff Casey J. Caston for a temporary restraining order or, in the alternative, for preliminary injunctive relief. The plaintiff is a state inmate currently housed at Washington County Regional Correctional Facility. The plaintiff seeks an order from the court (1) requiring the defendants to take him to the County Law Library at least two times per month, and (2) to transfer him to a facility other than the Washington County Regional Correctional Facility. For the reasons set forth below, the instant motion will be denied.

It is well settled that a party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821,

108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). This court pays more than lip service to the axiom that a preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

In the present case, Caston has not shown a substantial likelihood of success on the merits in light of his argument. As to his alleged lack of access to a legal library, he has not alleged that such limited access has caused prejudice to his legal position. Indeed, he has filed adequate pleadings in this case, and his claims are clearer than most *pro se* submissions to the court.

In addition, though he has made the bare allegation that he is in danger of retribution from unnamed guards at the Washington County Regional Correctional Facility, he has alleged no facts to support such an allegation. It is commonplace for prisoners filing suits against prison staff to remain housed in the same prison. Indeed, if the court were to move prisoners based upon such minimal allegations, prisoners would surely use such claims in federal suits in an attempt to move where they choose. In addition to subjecting prison housing assignments to the whims of prisoners (rather than the security needs of the various institutions), the number of suits would grow as a result. Section 1983 was drafted to provide a mechanism for redress for

grievances against state governments, not as a convenient vehicle for prisoners to choose their own housing assigments. As such, the plaintiff has not shown a substantial likelihood that he will prevail on his claim, which must, therefore, fail.

In sum, the instant motion for a temporary restraining order or preliminary injunction will be denied. A judgment consistent with this opinion will issue today.

**SO ORDERED,** this 28th day of June, 2012.

                                           **/s/ Sharion Aycock**
                                           **U.S. DISTRICT JUDGE**