# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CASEY J. CASTON**     **PLAINTIFF**

**v.**     **No. 4:12CV32-A-V**

**WARDEN JOANNE HARRIS, ET AL.**     **DEFENDANTS**

## MEMORANDUM OPINION

Before the court is the motion of the plaintiff Casey J. Caston for a temporary restraining order or, in the alternative, for preliminary injunctive relief. The plaintiff is a state inmate currently housed at Washington County Regional Correctional Facility. The plaintiff seeks an order from the court requiring the defendants: (1) to take him to the County Law Library on a regular schedule,(2) to provide him with dental care and an examination after being sprayed with a chemical agent,(3) to provide him clothes to replace those contaminated with the chemical agent, and (4) to permit him specified access to the telephone to communicate with his attorney and others. For the reasons set forth below, the instant motion will be denied.

A party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc.*, 807 F.2d

1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). A preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

In the present case, Caston has not shown a substantial likelihood of success on the merits in light of his arguments. As to his alleged lack of access to a legal library, the court denied that request in a previous ruling on a separate motion for a temporary restraining order. For the reasons set forth in the previous order, the present request for periodic access to the county law library will be denied.

Caston has also requested that the court require the defendants to provide dental examination and treatment of problems with his back teeth. He does, however, request such medical treatment in his complaint, and the court will resolve those issues in the normal progression of the case.

Caston's request for additional clothes will similarly be denied. He alleges that he kept the clothes in a plastic bag, rather than sending them in to be laundered. He has not alleged that, even after laundering, his clothes cannot be worn.

Finally, the court interprets Caston's request for more access to the telephone as a claim

that the defendants are denying him access to the courts through his attorney. *Bounds v. Smith*, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996), quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted).

However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992), citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). It is only when a prisoner suffers some sort of actual prejudice or detriment from denial of access to the courts that the allegation becomes one of constitutional magnitude. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). To prove his claim, a plaintiff must show real detriment – a true denial of access – such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970). Caston has not alleged such that any legal case has suffered because his access to the telephone is limited. As such, his request for more access to the telephone will be denied.

In sum, the instant motion for a temporary restraining order or preliminary injunction will be denied. A judgment consistent with this opinion will issue today.

**SO ORDERED,** this 1st day of November, 2012.

                                           /s/ Sharion Aycock
                                           **U.S. DISTRICT JUDGE**