IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CASEY CASTON                                                                                           PLAINTIFF

v.                                                                                              No. 4:12CV32-A-V

WARDEN JOANNE HARRIS, ET AL                                                             DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Casey Caston, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have moved for summary judgment on all of the plaintiff's claims. The plaintiff has responded, and the defendants have replied. The matter is ripe for resolution. For the reasons set forth below, the motion by the defendants for summary judgment regarding the plaintiff's claim of excessive force will be granted, and that claim will be dismissed. The defendants' summary judgment motion will, however, be denied as to the plaintiff's claim of inadequate medical care.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert.*

*denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Undisputed Material Facts

Many of the facts recited in this section are, indeed, in dispute and are taken largely from the plaintiff's complaint and other pleadings. For the purposes of this memorandum opinion, however, the court will look at the facts in the light most favorable to the non-moving party – in this case, the plaintiff. The court's determination of these disputed facts will not be binding on the parties as the case moves forward.

**Facts Regarding Denial of Adequate Medical Care**

On February 21, 2012, the plaintiff, who was housed in Male Isolation B-8 at the Washington County Regional Correctional Facility, asked CO Harmon to take him to medical because he was in tremendous pain. Harmon answered, "You are the Sheriff's property." On February 23, 2012, Caston asked CO Allen to take him to medical, but Allen did not respond. On February 29, 2012, Caston asked CO Rhodes to take him to medical, but he did not respond. That same day, Caston asked CO Hayes to take him to medical. Hayes did not respond. Caston, who had been moved to Male Isolation B-7, next asked CO Poindexter for medical attention, but he just closed the cell's tray flap. When Caston asked CO Bloomingbird for medical attention that same day, he refused. On March 14, 2012, Caston again asked CO Harmon for medical attention; Harmon replied, "My hands are tied." This pattern continued with CO Bloomingbird (March 14), CO Fowler (March 16), CO Curry (March 26), CO Freddy Jones (March 27), and a general plea on the intercom (March 28).

Caston was again begging for help on the intercom on March 29, 2012. Officer Harmon answered and said, "That's not my department." Officer Bloomingbird then came by and said, "I'll check on it." He never did. By March 30, 2012, Caston was in excruciating pain and begged Officer Fowler to take him to medical. Fowler did nothing. When Caston complained to

Officer Rhodes, he responded, "Good luck." The gravamen of Caston's allegations regarding denial of adequate medical care is that he suffered from a painful urinary tract infection for two months, asked for help in written and oral fashion during that time, and did not receive any medical attention until free world people repeatedly called and complained about the lack of care.

On April 5, 2012 (when blood was present in his cell as a result of the infection), someone took him to Family Medical in Greenville, Mississippi, where he was treated for a urinary tract infection. During follow up visits, medical personnel found that the infections were gone and that Caston had suffered no permanent injury from them.

**Fact Regarding Use of Excessive Use of Force**

In a separate event, on several occasions Caston flooded his isolation cell in an effort to get the attention of one of the prison guards, Officer Blumenberg. The first time, the water became deep enough that, when the guards finally arrived, Caston and his cellmate were swimming in their cell. Prison staff drained and cleaned the cell. The second time Caston and his cellmate flooded the cell (two days after the first flooding), the water entered other cells. The officers could not open the cell door because Caston and his cellmate had blocked it with a drawer. The corrections officers could not locate the tool to shut off water to the cell from the outside. Officer Blumenberg ordered the two inmates to turn off the water and open their cell door – and that if they failed to comply, he would spray chemical agent into the cell. The inmates did not comply, and Blumenberg released a burst of pepper spray into their cell. After introduction of pepper spray into the cell, Caston and his cellmate opened the door, releasing the water. Caston claims that he had trouble breathing after the spray was administered and that he

believes the spray triggered an asthma attack, though no medical personnel have confirmed this allegation. He also claims that there was pepper spray in his cell for more than a week on his clothes, sheets, and other items. He brought clothing with pepper spray on it to the *Spears* hearing in this case to verify this fact with the court.

## Discussion

The plaintiff's allegations of excessive force must be dismissed for failure to state a constitutional claim. A court must balance the constitutional rights of convicted prisoners with the needs of prison officials to effectively use force to maintain prison order; to establish liability on the part of defendants the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." *Hudson v. McMillian,* 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)); *see Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993). Factors which are relevant to this issue include, but are not limited to "(1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and, (5) any efforts made to temper the severity of the forceful response." *Rankin*, 5 F.3d at 107 n.5 (citation omitted).

A prisoner need not prove "significant" or "serious injury" in order to prevail in an Eighth Amendment claim of excessive force. *Hudson*, 503 U.S. at 7. "The absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it." *Id.* A *de minimis* use of force, however, is insufficient to state a cognizable Eighth Amendment claim. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). "Not every malevolent touch by a

prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9 (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (citation omitted). Moreover, "[i]n cases post-*Hudson*, 'certainly some injury is still required.'" *Rankin*, 5 F.3d at 108; *see also Knight v. Caldwell*, 970 F.2d 1430 (5th cir. 1992), *cert. denied*, 507 U.S. 926, 113 S. Ct. 1298, 122 L. Ed. 2d 688 (1993). A single incident of force or a single blow is *de minimis* and thus does not violate the Eighth Amendment. *Jackson v. Colbertson*, 984 F. 2d 699, 700 (5th 1993). Caston admits that he and his cellmate flooded their cell and refused to open the door and exit. Also, he does not dispute that the defendants could not find the tool to turn off water to his cell – which he had flooded for the second time in less than a week. Nor does he dispute the fact that he and his cellmate blocked the door so that jail personnel could not enter. As he would not open the door and exit his flooded cell – and would not turn off the water in his cell – the defendants were left with three choices: (1) wait for him to comply as the cell filled with ever more water, (2) put together a team to enter the cell and subdue him and his cellmate (assuming they could enter the blocked door), or (3) spray a burst of chemical agent into the cell to gain compliance. The defendants chose the third option, and that was a rational choice. Bloomenberg's actions were taken in an obvious effort to maintain and restore discipline, as cell flooding is an obvious hazard – and a major violation of prison rules. Caston would not comply with staff orders, and the staff took action to gain compliance – which immediately worked. Though Caston alleges that he suffered an asthma attack – or at least difficulty breathing – the allegation is not supported in the record currently before the court. However, even if he could

prove that he had an asthma attack, he has recovered and has suffered no permanent harm. In addition, given the situation, he has not offered another course of action Blumenberg could have taken to gain compliance and restore order. Considering the facts in the light most favorable to Caston, his claim regarding excessive use of force in applying pepper spray must be dismissed.

### Denial of Adequate Medical Care

The plaintiff's allegations regarding denial of medical care state a claim under 42 U.S.C. § 1983. In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same

subjective deliberate indifference standard has been applied to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). In cases such as the one at bar, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The facts set forth by the plaintiff differ sharply from those laid out by the defendants regarding this claim. The plaintiff alleges that he submitted many requests for medical attention, but they were ignored. He alleges that he suffered for many weeks with a urinary tract infection and requested help orally and in writing, specifically describing his symptoms, but the defendants refused to provide him with care. He also alleges that he experienced great pain during this time. The defendants allege, in contrast, that the plaintiff did not submit any medical request forms until shortly before he was examined and treated by an off-site doctor and that, in any event, he did not suffer substantial harm from a delay in treatment. These conflicting facts preclude summary judgment in the instant case. The plaintiff has alleged sufficient delay in the treatment of a serious infection of his urinary tract, and he has alleged that he suffered from pain and discharge from his penis the entire time he waited for treatment. Pain suffered over a great period of time is an injury sufficient to trigger constitutional protection. These facts state a claim

under 42 U.S.C. § 1983, and the contrary facts presented by the defendants are material to the resolution of the claim. As such, the motion by the defendants for summary judgment on the issue of denial of adequate medical care will be denied. The parties will be able to present evidence regarding the factual differences at the June hearing of this case. A judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 31st day of May, 2013.

                                                   **/s/ Sharion Aycock**
                                                   **U.S. DISTRICT JUDGE**